**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| GIL GUILLERMO, #35995-053, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **3:11-CV-1973-B (BK)** |
| | § | |
| K. DIXON, Warden, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation.  For the reasons that follow, it is recommended that the habeas corpus petition be summarily dismissed without prejudice.

**I.  BACKGROUND**

Petitioner, a federal prisoner incarcerated within the Federal Bureau of Prisons (BOP) at the Dalby Correctional Facility in Post, Texas, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.  He is presently serving a 420-month sentence, imposed in January 1991, in the United States District Court for the Middle District of Florida, Tampa Division, in case number 8:90-CR-038, for conspiracy to distribute a controlled substance.  (Doc. 2 at 3.) Petitioner's sentence was subsequently reduced to 329 months under 18 U.S.C. § 3582, however, Petitioner's previous attempts to dismiss the indictment and to challenge his conviction and sentence under 28 U.S.C. § 2255 and FED. R. CIV. P. 60(b)(4) have failed.  *See United States v. Guillermo Gil*, 8:90-CR-038-T-15 (MD Fl., Tampa Div., Apr. 7, 2011) (Doc. 323) (summarizing procedural history).

In this action, Petitioner again requests the Court to correct and reduce his sentence. (Doc. 2 at 5, 8.)  He also asserts Respondent is violating his constitutional rights by barring him from minimum security confinement, community-based drug treatment programs, and early release due to his status as a deportable alien.  *Id.* at 6-7, 9.  The Court did not direct Respondent to file an answer to the section 2241 petition, but issued a questionnaire to Petitioner inquiring about exhaustion of administrative remedies.  Petitioner responded that he had not filed an administrative remedy request with respect to his second claim.  (Doc. 5, ans. 2)[1]

## II.  DISCUSSION

### A.    Sentence Reduction and Correction Claims

Petitioner asserts that he is entitled to receive a sentence reduction under 18 U.S.C. § 3582(c)(2).  (Doc. 2 at 5.)  He states that various courts nationwide "have held that the commentary amendment as to the issue of Cultural Assimilation deserves a second look as a basis for sentencing to a lesser sentence that [sic] what the Guidelines may indicate."  *Id.* Petitioner also requests that his sentence be "vacated and remand[ed] for resentencing or corrected" because the sentencing court failed to consider all factors under 18 U.S.C. § 3553(a). *Id.* at 8.  Challenges to a sentence, however, are cognizable only in the court in which the sentence was imposed.  Therefore, this Court lacks jurisdiction to consider Petitioner's sentencing claims.  *See Landazuri v. Hall*, 423 Fed. Appx. 475, 476 (5th Cir. 2011) (unpublished *per curiam*) (affirming dismissal of section 2241 petition for lack of jurisdiction because sentence reduction claim under section 3582(c) was cognizable only in sentencing court);

---

[1] Because Petitioner is incarcerated within the Lubbock Division of the United States District Court for the Northern District of Texas, the Court retains jurisdiction over his section 2241 habeas petition.

*Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (section 2241 is typically used to challenge the execution of a prisoner's sentence); *see also United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011) (sentencing court is in better position to consider factors under section 3553(a)).

**B.    Constitutional Claims**

Next Petitioner argues that Respondent violates his constitutional rights by barring him from minimum security confinement, community-based drug treatment programs, and early release based on his status as a deportable alien.  (Doc. 2 at 6-7, 9.)  His claim, however, is unexhausted.  Federal prisoners are required to exhaust available administrative remedies through the BOP before seeking habeas corpus relief under section 2241.  *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *see also Smith v. Thompson*, 937 F.2d 217, 219 (5th Cir. 1991) (exhaustion permits the federal agency to correct its own error without court intervention).  In answer to the questionnaire, Petitioner concedes that he did not exhaust his administrative remedies.  (Doc. 5, ans. 2.)  Moreover, his conclusory allegations that he is not required to exhaust administrative remedies (Doc. 2 at 2) neither allege nor imply futility of administrative remedies.  *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (exception to exhaustion requirement for federal habeas review applies only in extraordinary circumstances).  Therefore, the District Court should dismiss the habeas petition without prejudice for failure to exhaust administrative remedies.  *See Hernandez-Escarsega v. Fleming*, No. 4:04-CV-0271-Y, 2004 WL 2002418, 1-2 (N.D. Tex., Sep. 8, 2004), *findings and recommendation accepted*, 2004 WL 2216546 (N.D. Tex. Sep. 30, 2004) (dismissing as unexhausted section 2241 petition challenging denial of

benefit of, or placement in, various BOP's programs as result of deportable alien status).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus

be **DISMISSED** without prejudice for want of jurisdiction with respect to Petitioner's sentencing

claims, and for failure to exhaust administrative remedies with respect to the remaining claims –

those related to Petitioner's deportable alien status.

SIGNED October 28, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner
provided by law.  Any party who objects to any part of this report and recommendation must file
specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. §
636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific
finding or recommendation to which objection is made, state the basis for the objection, and
specify the place in the magistrate judge's report and recommendation where the disputed
determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the
magistrate judge that are accepted or adopted by the district court, except upon grounds of plain
error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE